GERTRUDE HARTLEY *vs.* RHODE ISLAND COMPANY.

APRIL 10, 1907.

PRESENT: Douglas, C. J., Dubois, Blodgett, Johnson, and Parkhurst, JJ.

*Bills of Exceptions.    Accident and Mistake.*

Where a bill of exceptions was retained by a justice of the Superior Court without approval until more than twenty days had elapsed, and no application was made within thirty days to establish it in the Supreme Court, a petition, under the provisions of court and practice act, section 473, to have the bill of exceptions allowed, on the ground that " defendant acted in good faith in supposing, according to the practice, that the justice in retaining the transcript and bill of exceptions for examination was not intending to act adversely to the interests of the defendant," does not show that the omission to apply to the Supreme Court was occasioned by accident, mistake, or unforeseen cause, and the petition will be denied.

TRESPASS ON THE CASE for negligence.    Heard on petition of defendant, under provisions of court and practice act, section 473, for leave to file and have allowed its bill of exceptions, and petition dismissed.

PER CURIAM.    The above named defendant, being aggrieved by verdict of a jury, and denial of its motion for a new trial in the Superior Court, prepared and filed a bill of exceptions to this court.    Said bill of exceptions was retained without approval by the presiding justice of the Superior Court until more than twenty days had elapsed, and no application was made within thirty days after the filing of the bill to establish it in this court.    The petition sets out, as the defendant's reason for not making timely application to this court, that " it acted in good faith in supposing, according to the practice, that the presiding justice in retaining the transcript and bill of exceptions for examination was not intending to act adversely to the interests of the defendant."

We are unable to see in this statement any ground to justify us in acting under the provisions of section 473, court and practice act.    The omission to apply to this court within the time specified was not occasioned by accident, mistake, or unforeseen cause in the sense of that statute.    In *Baker* v.

*Tyler*, 28 R. I. 152, the party was not in default for the time had never been fixed within which the statute required him to act.

The petition must therefore be denied and dismissed.

*John W. Hogan and Philip S. Knauer*, for plaintiff.

*Henry W. Hayes*, for defendant.